IN THE DISTRICT COURT OF CADDO COUNTY
STATE OF OKLAHOMA

STATE OF OKLAHOMA
CADDO CO.
FILED
FEB 18 2011
At _____ O'Clock ___ M.
OPAL CAROL FINCH, Court Clerk
By _____ Deputy

KMA HOLDING COMPANY, INC., )
an Oklahoma corporation, )
)
    Plaintiff, )
)
v. ) Case No. CJ-11-24
)
THE ALAN WAYNE COMPANY, LLC, )
a Nevada limited liability company, )
)
    Defendant. )

## PETITION

COMES NOW Plaintiff, KMA Holding Company, Inc. ("KMA"), and for its claim against The Alan Wayne Company, LLC ("AWC"), alleges and states as follows:

1. KMA is a corporation duly organized and existing under the laws of the State of Oklahoma, with its principal place of business in Hinton, Caddo County, State of Oklahoma; AWC is a Nevada limited liability company with its principal place of business in Phoenix, Arizona; pursuant to 12 O.S. §2009(G), the amount of damages sought to be recovered herein is in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332; and this Court has jurisdiction of the parties hereto and the subject matter of this action and venue is appropriate in this district by virtue of a contract for services entered into in Caddo County, State of Oklahoma.

2. On or about July 22, 2008, AWC entered into a certain "Consulting Contract" in writing which retained KMA as its consultant to provide certain services from time to time requested by AWC to facilitate the orderly development of its real estate and casino projects; a full, true and correct copy of said "Consulting Contract" is attached hereto as Exhibit "A" and incorporated herein by reference.

3.  Under the terms of the "Consulting Contract," AWC agreed to pay KMA $4,000.00 per month for 30 months, commencing on January 1, 2009, and continuing on the first day of each consecutive month thereafter until June 1, 2011 (the "Initial Term").

4.  AWC has breached its obligation to pay KMA for its services during the Initial Term, by reason of its unexcused failure to pay KMA any sum whatsoever for the period from January 30, 2009 up to and including January 31, 2011, and there is a balance presently due and owing KMA from AWC in the amount of $100,000.00.

5.  KMA has been compelled to retain an attorney for the purposes of collecting the balance due and owing from AWC pursuant to the "Consulting Contract," and is entitled to a reasonable attorney's fee, therefore, all as more particularly provided by 12 O.S. §936.

WHEREFORE, KMA prays that it have and recover judgment against AWC for the principal sum of $100,000.00; that KMA be awarded post-judgment interest as provided by 12 O.S. §727.1; that KMA be awarded its costs, together with a reasonable attorney's fee; and that the Court grant such other and further relief as may be deemed just and equitable.

Richard P. Propester (OBA# 7332)
rpropester@dayedwards.com
Day, Edwards, Propester
& Christensen, P.C.
210 Park Avenue, Suite 2900
Oklahoma City, OK 73102
Telephone: (405) 239-2121
Telecopier: (405) 236-1012

**ATTORNEYS FOR PLAINTIFF,
KMA HOLDING COMPANY, INC.**

## CONSULTING CONTRACT

THIS AGREEMENT MADE THIS 25 DAY OF MARCH, 2008 BETWEEN THE ALAN WAYNE COMPANY, LLC, a Nevada limited liability company (THE "COMPANY") and KMA HOLDING COMPANY, INC., an Oklahoma corporation (THE "CONSULTANT").

1. Consultant is very knowledgeable in the area of pre-development and development of real estate related projects. The Company hereby wishes to retain Consultant, Find the Consultant agrees to perform the following services for the Company (collectively the "Services"):

   Consultant to provide pre-development and possible permanent development real estate, construction and civil engineering advisory services to Company regarding the Company's various real estate and casino development projects including, but not limited to, road and parking lot design and construction, lagoon design and construction, sign location and construction, energy location and hook-up, infrastructure and drainage issues.

2. In consideration of the performance by Consultant of the Services under this Agreement, the Company agrees to pay Consultant a discounted consulting fee of $4,000.00 per month, commencing on or about January 1, 2009, and continuing on the first day of each consecutive month thereafter until June 1, 2011, for an initial term of 30 months, ending on June 30, 2011 (the "Initial Term"). Because pre-development opportunities may evolve into permanent development projects, and for the express purpose of inducing Consultant to furnish its pre-development Services at a discount, Company agrees to continue its relationship with Consultant for an additional period of five (5) years to commence if the permanent development projects come to fruition prior to the expiration of the Initial Term, and shall pay Consultant a minimum consulting fee of $7,500.00 per month on the first day of each calendar month for sixty months, which may be adjusted, in arrears, at the conclusion of each calendar quarter, by an amount to be mutually agreed upon by the parties.

3. This Agreement may be terminated at any time by either party for breach or neglect of duty by the other not remedied within 30 days after written notice by either party. No termination shall prejudice Consultant's rights to payments for Services completed prior to the effective date of termination.

4. All Services shall be performed under this Agreement by Consultant in its capacity as an independent contractor, and not as an agent or employee of the Company. The Consultant shall supervise the performance of its Services and shall be entitled to control the manner and means by which its Services are to be performed, subject to compliance with this Agreement and any specifications, schedules, or plans approved by the Company.

5. With respect to the initial scheduling of consulting time, Consultant will make every reasonable effort to accommodate Company needs and preferences, subject to existing contractual obligations.

6. The Consultant acknowledges that in the course of this Agreement it shall have access to confidential and proprietary information of the Company which the Company may

EXHIBIT A

make available to the Consultant (the "Confidential Information") and agrees not to disclose or disseminate the Confidential Information without the express prior written consent of the Company. The term "Confidential Information" shall not include such information as is or becomes part of the public domain through no action or omission of Consultant, which becomes available to Consultant from third parties without knowledge by Consultant of any breach of fiduciary duty, or which the Consultant had in its possession prior to the date of this Agreement.

7. All notices under this Agreement shall be sent by first class mail by overnight courier and/or confirmed telefax to the addresses specified below and any notice sent shall be deemed delivered three days after deliverance n accordance with these terms and conditions:

Company:
The Alan Wayne Company, LLC
4336 E. Beck Lane
Phoenix, AZ 85032

Consultant:
KMA Holding Company, Inc.
31200 I-40 Service Road
Hinton, OK 73047

8. All disputes under this Agreement may be arbitrated under the rules of the American Arbitration Association, and any judgments in accordance with the above may be entered in a court of competent jurisdiction.

9. This is the complete agreement and supersedes all prior and contemporaneous understandings relating to the subject matter hereof, may not be amended or modified except in writing, and shall be governed by the laws of the State of Oklahoma.

COMPANY:

THE ALAN WAYNE COMPANY, LLC,
a Nevada limited liability company

By: _____
Dustan R. Sheperd, Manager

CONSULTANT:

KMA HOLDING COMPANY, INC.,
an Oklahoma corporation

By: _____
Donna Wright, Vice President