# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) KMA HOLDING COMPANY, INC., an Oklahoma corporation, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. CIV-11-292-C |
| (2) THE ALAN WAYNE COMPANY, LLC, a Nevada limited liability company | ) ) ) ) ) | (Formerly Caddo County District Court; Case No. CJ-11-24) |
| Defendant. | ) ) ) | |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

Defendant The Alan Wayne Company, LLC ("Defendant" or "TAWC"), through its attorneys, answers Plaintiff's Complaint as follows:

1. Answering Paragraph 1 of KMA's Complaint, TAWC admits that TAWC is a Nevada limited liability company with its principal place of business in Phoenix, Arizona, and TAWC admits the damages sought to be recovered herein are in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, but states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations contained therein and upon such ground denies each and every remaining allegation contained therein.

2. Answering Paragraph 2 of KMA's Complaint, Defendant admits that it entered into a Consulting Contract, but Defendant denies the remaining allegations contained therein.

3. Answering Paragraph 3 of KMA's Complaint, Defendant denies each and every allegation contained therein.

4. Answering Paragraph 4 of KMA's Complaint, Defendant denies each and every allegation contained therein.

5. Answering Paragraph 5 of KMA's Complaint, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state claims upon which relief can be granted.

2. The claims of the KMA are barred as a result of an accord and satisfaction.

3. The damages allegedly suffered by KMA if any, were caused in whole or in part by the acts and omissions of KMA or KMA's agents.

4. KMA is estopped from maintaining this action.

5. KMA suffered no damage and therefore are not entitled to any relief.

6. KMA's causes of action are barred by the doctrine of mistake, laches, and waiver.

7. TAWC performed, on its part, each and every term and condition owed by it, if any, to KMA.

8. KMA failed to abide by the terms and conditions of any allegedly existing agreement and therefore have no basis for any claim against TAWC.

9. The claim for breach of contract is barred as a result of the failure to satisfy conditions precedent.

10. KMA's alleged damages, if any, should be offset by the monies due and owing from KMA to TAWC.

11. The recovery sought is barred by KMA's own failure to deal fairly and in good faith.

12. KMA failed to take reasonable efforts to mitigate their damages, if any, and are therefore barred from recovering damages from these TAWC.

13. It has been necessary for TAWC to retain the services of an attorney to defend this action and a reasonable sum should be allowed TAWC as and for attorney's fees, together with costs expended in this action.

14. Pursuant to FRCP 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer, and therefore, TAWC reserves the right to amend this answer to allege additional affirmative defenses if subsequent investigation warrants.

15. Some affirmative defenses may have been pled for purposes of non-waiver. TAWC reserve the right to amend the affirmative defenses as discovery progresses.

WHEREFORE, TAWC prays that KMA take nothing by way of its Complaint on file herein and that TAWC be awarded reasonable attorney's fees and costs and such other and further relief as the Court may deem just and proper for having to defend this action.

## COUNTERCLAIM

Counterclaimant THE ALAN WAYNE COMPANY, LLC ("TAWC"), by and through counsel, the law firm of Gordon Silver, hereby plead its Counterclaims against KMA HOLDING COMPANY, INC. ("KMA") as follows:

1. At all relevant times, TAWC was a Nevada limited liability company, in good standing, with its primary place of business in Arizona.

2. At all relevant times, KMA was an Oklahoma corporation, doing business in Oklahoma.

3. On or about March 25, 2008, TAWC and KMA entered into a consulting contract (the "Consulting Contract"), whereby KMA agreed to provide consulting services for the pre-development and development of real estate related projects.

4. Under the Consulting Contract stated that TAWC initially agreed to pay KMA a consulting fee of $4,000.00 a month, commencing on or about January 1, 2009 and continuing on the first day of each consecutive month thereafter until June 1, 2011.

5. On or about April 2010, TAWC and KMA entered into an agreement to walk away from the Consulting Contract (the "Walk Away Agreement"). The Walk Away Agreement also resolved and settled an agreement entered into between Hinton Travel Inn, Inc., Wichita Wayne, LLC and Dustan Shepherd, as well as an option agreement concerning certain real property in Caddo County, Oklahoma.

6. The Walk Away Agreement extinguished all rights, responsibilities and obligations held by TAWC and KMA pursuant to the Consulting Agreement.

7. The Walk Away Agreement also extinguished all rights, responsibilities and obligations of Hinton Travel Inn, Inc., Wichita Wayne, LLC and Dustan Shepherd, pursuant to Purchase and Sale and Option Agreement.

8. On or about August 31, 2010, KMA breached the Walk Away Agreement by making demand for payment under a version of the Consulting Agreement that had been altered or manipulated. On February 23, 2011, KMA breached the Walk Away Agreement by filing the instant action, in an effort to enforce the terms of the Consulting Agreement.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

9. TAWC hereby repeats, re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs of this Counterclaim, as though fully set forth herein.

10. The Walk Away Agreement constitutes a valid, binding and enforceable contract between the TAWC and KMA.

11. TAWC has duly performed all of its obligations under the Agreement.

12. All conditions precedent, if any, to KMA's duties and obligations to perform and pay under the Walk Away Agreement have been performed, have occurred, have been excused, or have been waived; and there are no legal or equitable impediments to KMA's duties and obligations to perform under the Walk Away Agreement.

13. KMA materially breached the agreement by making demand for payment for commissions pursuant to the Consulting Contract, after excusing TAWC from any further performance or payment.

14. TAWC has been damaged by KMA's breach of the Walk Away Agreement in an amount to be proven at trial.

15. TAWC has, based on the foregoing, been required to utilize the services of an attorney and are entitled to an award of reasonable attorneys' fees and costs from KMA.

## SECOND CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

16. TAWC hereby repeats, re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs of this Counterclaim, as though fully set forth herein.

17. TAWC and KMA entered into an agreement to "walk away" from any and all obligations stemming from the Consulting Contract (the "Walk Away Agreement").

18. The Walk Away Agreement included an implied covenant of good faith and fair dealing.

19. KMA has failed or otherwise refused to deal in good faith and fairly with TAWC.

20. TAWC, by KMA's failures, has been denied its reasonable expectations within the Walk Away Agreement, damaging TAWC in an amount to be proven at trial.

21. TAWC has been damaged by KMA's breach of the covenant of good faith and fair dealing in an amount to be proven at trial.

22. TAWC has, based on the foregoing, been required to utilize the services of an attorney and are entitled to an award of reasonable attorneys' fees and costs from KMA.

### THIRD CAUSE OF ACTION

### (Declaratory Relief)

23. TAWC hereby repeats, re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs of this Counterclaim, as though fully set forth herein.

24. TAWC seeks a declaration from this Court that the Walk Away Agreement and those obligations and duties related thereto constituted a valid and enforceable contract and declare the rights, obligations and legal status of TAWC and KMA pursuant to the Walk Away Agreement.

25. TAWC further seeks a declaration that KMA is in breach of its agreements, obligations and duties by failing and/or refusing to extinguish any and all rights and obligations arising out of the Consulting Agreement, as required under the Walk Away Agreement.

26. TAWC has, based on the foregoing, been required to utilize the services of an attorney and are entitled to an award of reasonable attorneys' fees and costs from KMA.

## PRAYER FOR RELIEF

WHEREFORE, having answered KMA's Complaint and having asserted counterclaims, TAWC requests that this Court enter judgment as follows:

1. For KMA to take nothing by reason of its Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for TAWC;

2. For damages sustained in an amount to be proven at trial;

3. For declaratory relief as above described;

4. For an award of reasonable costs and attorneys' fees; and

5. For an award of such other relief against TAWC as deemed just and equitable by the Court.

[Signatures appear on following page]

s/ Mark R. McPhail
T. Scott Spradling, OBA#8516
Mark R. McPhail, OBA#15307
SPRADLING, KENNEDY & McPHAIL, L.L.P.
The Tower, Suite 1750
1601 NW Expressway
Oklahoma City, OK  73118
Telephone:  (405) 418-2700
Facsimile:  (405) 418-2705

and

Eric R. Olsen, Nevada Bar No. 3127
Courtney R. Radow, Nevada Bar No. 12073
*Pro Hac Vice Admittances Pending*
GORDON SILVER
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, NV  89169
Telephone:  (702) 796-5555
Facsimile:  (702) 369-2666

ATTORNEYS FOR DEFENDANT,
THE ALAN WAYNE COMPANY, LLC

### **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2011 I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: **Joe E.Edwards**

s/ Mark R. McPhail